IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Municipal Association of South Carolina | ) | Civil Action No.: 3:25-cv-03780-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Government Employees Insurance | ) | **COMPLAINT** |
| Company, GEICO Casualty Company, | ) | |
| GEICO Choice Insurance Company, GEICO | ) | |
| General Insurance Company, GEICO Marine | ) | |
| Insurance Company, and GEICO Secure | ) | |
| Insurance Company | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Municipal Association of South Carolina ("MASC") complaining of Defendants GEICO Casualty Company, GEICO Choice Insurance Company, GEICO General Insurance Company, GEICO Marine Insurance Company, GEICO Secure Insurance Company (collectively "Defendants") hereby alleges:

1.      MASC is a non-profit organization existing pursuant to the laws of the State of South Carolina.  The members of MASC include virtually all the municipalities in the State of South Carolina.

2.      Defendant Government Employees Insurance Company ("GEICO") is domiciled in the State of Nebraska and conducts business throughout the State of South Carolina.  Defendant is a company licensed by the South Carolina Department of Insurance.

3.      Defendant GEICO Casualty Company is domiciled in the State of Nebraska and conducts business throughout the State of South Carolina.  Defendant is a company licensed by the South Carolina Department of Insurance.

4.      Defendant GEICO Choice Insurance Company is domiciled in the State of Nebraska and conducts business throughout the State of South Carolina.  Defendant is a company licensed by the South Carolina Department of Insurance.

5.      Defendant GEICO General Insurance Company is domiciled in the State of Nebraska and conducts business throughout the State of South Carolina.  Defendant is a company licensed by the South Carolina Department of Insurance.

6.      Defendant GEICO Marine Insurance Company is domiciled in the State of Nebraska and conducts business throughout the State of South Carolina.  Defendant is a company licensed by the South Carolina Department of Insurance.

7.      Defendant GEICO Secure Insurance Company is domiciled in the State of Nebraska and conducts business throughout the State of South Carolina.  Defendant is a company licensed by the South Carolina Department of Insurance.

8.      Defendants write insurance in the State of South Carolina and are related entities, sometimes known as the GEICO Companies.

9.      Upon information and belief, Defendants are companies that are incorporated in Maryland.

10.     Defendants, upon information and belief, writes insurance policies in South Carolina.

11.     This action is of a civil nature involving, exclusive interests and costs, an amount in controversy in excess of $75,000.00.  Every issue of law and fact in this action is wholly between citizens of different states.

12.     Venue is proper in the Columbia Division based upon the location of the Plaintiff in Richland County, State of South Carolina.

**FACTS**

13.     S.C. Code Ann. § 38-7-160 authorizes each municipality to impose a business license tax on insurance companies doing business within its municipal boundaries.

14.     MASC administers the Insurance Tax Program ("ITP") on behalf of municipalities in South Carolina.  The ITCP standardizes the tax rates and dates of business license tax collection from insurance companies.

15.     Participating Municipalities in the ITP adopted ordinances authorizing the collection of business license taxes from insurance companies.  The Participating Municipalities for License Year 2021, 2022, 2023, and 2024 are listed on **Exhibit A**.

16.     The ordinances of the Participating Municipalities established the tax rate at 2% of gross premiums for all property and casualty policies.  City of Charleston's ordinance is attached hereto as **Exhibit B** which ordinance is illustrative of all the Participating Municipalities.

17.     Participating Municipalities in the ITCP adopted agreements authorizing MASC to act as their agent for the purpose of collecting business license taxes from insurance companies.  A model agreement of the Participating Municipalities is attached hereto as **Exhibit C**.

18.     MASC brings this action for the benefit of the Participating Municipalities pursuant to statutory authority in S.C. Code Ann. § 5-7-300; authority conferred by the ordinances adopted by each Participating Municipality and authority conferred under the agreements entered into between MASC and each Participating Municipality.

19.     MASC has standing to bring this action on behalf of the Participating Municipalities because the Participating Municipalities are members of MASC.  The Participating Municipalities would otherwise have standing to sue in their own right.  The interests MASC seeks to protect in this suit are germane to the purpose of MASC.  Neither the claim asserted nor the

relief sought requires the participation of the Participating Municipalities. The Participating Municipalities have suffered or will suffer individualized injury as the result of Defendant's actions.

20.    Pursuant to the municipal ordinances, the business license tax is due on May 31 for the license year.  The business license tax is based upon the gross income received in the prior calendar year. Also required at the time of this filing is the submission of a Reconciliation Report. The Reconciliation Report verifies the gross income amounts and allocations owed each Participating Municipality. Without a Reconciliation Report, the amounts and allocations cannot be verified.

21.    Pursuant to ordinances adopted by each Participating Municipality, delinquent taxes are subject to a penalty of 5% of the delinquent amount for each month or portion of a month for which the taxes remain unpaid.

22.    For each license year, MASC provides each insurance company taxpayer with a list of Participating Municipalities to whom taxes are owed for that year.  Each insurance company reports the amount of gross income derived from transactions within each participating municipality and pays MASC the total taxes owed to the Participating Municipalities.

23.    In December or January of each license year, MASC sent each of the Defendants a letter regarding taxes owed by each Defendant company. **Exhibit D.**

24.    MASC further sent each Defendant company regular, ongoing emails between January and June of each license year to remind each Defendant of the reporting and payment deadlines.

25.    Additionally, MASC contacted or attempted to contact each Defendant by phone to remind them of payment deadlines and missed deadlines.

26.     The Defendants report and pay on time, but the Defendants fail to send to MASC the nontaxable Reconciliation Report.

27.     The Defendants usually agree, verbally or by email, to send the Reconciliation Reports; however, the Defendants have failed to submit the Reconciliation Reports for seven years despite multiple requests.

**FOR A FIRST CAUSE OF ACTION**
**(Collection of Unpaid Taxes)**

28.     The allegations of Paragraphs 1 through 22 are incorporated herein by reference.

29.     Defendants received gross premiums from insurance policies for which taxes are due for license years 2021, 2022, 2023, and 2024.

30.     Upon information and belief, Defendants have received gross premiums for policies but have failed to pay the full amount of business license taxes on these policies for license years 2021, 2022, 2023, and 2024.

31.     Defendants have failed to pay the full amount of the business license taxes owed to the Participating Municipalities yet continue to do business within each participating municipality.

32.     MASC has demanded repeatedly for the past four years that Defendants provide a Reconciliation Report and pay the outstanding delinquent taxes owed by Defendants, but Defendant have refused and failed to do so.

33.     The full amount of business license taxes owed by all six Defendants for license years 2021, 2022, 2023, and 2024 totals $30,318,479.71.

34.     MASC therefore demands judgment against Defendants for all taxes due and owing to the Participating Municipalities in the amount of $30,318,479.71.

**FOR A SECOND CAUSE OF ACTION**
**(Collection of Unpaid Penalties)**

35.     The allegations of Paragraphs 1 through 28 are incorporated herein by reference.

36.     Pursuant to the ordinances and agreements of each Participating Municipality, the penalty for delinquent tax payments is 5% of the unpaid tax per month or portion thereof after the due date until paid.

37.     Because Defendants have not paid the full amount of taxes owed to the participating municipalities when due for License Years 2021, 2022, 2023, and 2024, Defendants also are liable for penalties as provided in the Ordinances.

38.     The total amount of penalties for the unpaid business license taxes owed by all six Defendants for license years 2021, 2022, 2023, and 2024 totals $39,413,748.50.

39.     MASC therefore demands judgment against Defendants for $39,413,784.50 in penalties owed and any additional penalties that are determined to be owed at trial.

WHEREFORE, MASC prays for the following relief:

1.     Judgment against Defendants for $69,732,264.21 and any additional taxes and penalties that are determined at trial to be owed.

2.     Such other and further relief as may be appropriate under the circumstances.

*[SIGNATURE PAGE TO FOLLOW]*

ROBINSON GRAY STEPP & LAFFITTE, L.L.C.

By:     s/Robert E. Tyson, Jr.
        Robert E. Tyson, Jr.
        Fed. I.D. No.: 7815
        rtyson@robsinsongray.com
        Jasmine D. Smith
        Fed. I.D. No.: 12887
        jsmith@robinsongray.com
        Post Office Box 11449
        Columbia, South Carolina 29211
        Telephone: 803-929-1400
        Facsimile: 803-929-0300

*Attorneys for Plaintiff Municipal Association of South Carolina*

Columbia, South Carolina
May 5, 2025

7