**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Municipal Association of South Carolina,<br><br>Plaintiff,<br><br>v.<br><br>Government Employees Insurance Company, GEICO Casualty Company, GEICO Choice Insurance Company, General Insurance Company, GEICO Insurance Company, and GEICO Secure Insurance Company,<br><br>Defendants. | C/A No. 3:25-cv-3780-JFA<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on Plaintiff Municipal Association of South Carolina's, ("Plaintiff" or "MASC") motion to compel. (ECF No. 59). Plaintiff seeks to compel Defendants' response to four requests for production. These requests seek Reconciliation Reports which Plaintiff avers would allow MASC to verify the gross premiums Defendants received from insurance policies for which taxes are due for license years 2021–2024. *Id.* at 4. Defendants filed a Response to this motion, (ECF No. 64), to which Plaintiff filed a Reply, (ECF No. 69). This Court heard argument on this Motion on July 1, 2026, and thereafter allowed parties to file supplemental briefing regarding the matters discussed. (ECF No. 74). Both parties filed supplemental briefs for this Court to consider. (ECF Nos. 78 & 79). Thus, this matter is ripe for review. For the reasons stated herein, Plaintiff's Motion to Compel is granted.

## I.    FACTUAL AND PROCEDURAL HISTORY

This case involves a South Carolina municipality's authority to contract with a third party to impose a business license tax on insurance companies. According to Plaintiff, one of its functions is to administer the Insurance Tax Program ("ITP") and collect a 2% tax on gross premiums collected by insurance companies on behalf of Plaintiff's municipal members. (ECF No. 1 ¶ 14–16). As part of its administration of ITP, Plaintiff contends "it requires documentation of amounts due from the insurance company, including Reconciliation Reports, in which the company provides information to verify whether the revenues of the company are appropriate for exclusion as non-municipal revenues and for [MASC] to determine the proper allocation of taxes, fees, fines, or penalties." (ECF No. 26, p. 2).

Plaintiff alleges in its complaint that Defendants have reported and paid on time but failed to send the required Reconciliation Reports for the past seven years despite multiple requests. (ECF No. 1, ¶¶ 26-27). This Court previously denied Defendants' Motion to Dismiss this matter and ruled that the collection of delinquent taxes and penalties was fairly implied and not prohibited by South Carolina's statutory scheme. (ECF No. 50). Plaintiff now files this Motion to Compel, arguing that its requests for production go directly to the issues in this case as without the Reconciliation Reports, "MASC cannot verify the gross premiums [Defendants] received from insurance policies … [and] [t]hese documents are critical to MASC's claims for collection of unpaid taxes and penalties, which the Court already found was within MASC's contracting authority." (ECF No. 59, p. 4).

## II.    LEGAL STANDARD

Parties to a civil litigation may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in resolution of discovery problems arising in cases before [them]."). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if an opposing party fails to answer an interrogatory pursuant to Rule 33 or fails to produce documents pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3). Moreover, Rule 37 clarifies that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## III.    ANALYSIS

Plaintiff argues that this Court should grant its motion to compel the information contained in the Reconciliation Reports because it is nonprivileged information that is relevant to its claim that Defendants owe unpaid taxes and penalties. (ECF No. 59, p. 4). Conversely, Defendants argue this Motion must be denied because: (a) South Carolina law

expressly prohibits Plaintiff from seeking the Reconciliation Reports; and (b) Plaintiff's

Requests are improper because they have not exhausted their administrative remedies. At

the hearing, the Undersigned discussed with the parties, for the second time in this action,

the merits of certifying a question to the South Carolina Supreme Court regarding the

underlying state law issues. Both parties vehemently opposed certification. Accordingly,

the Undersigned refrains, at this time, from certifying a question to the South Carolina

Supreme Court regarding this matter. All arguments pertaining to the pending Motion to

Compel are addressed herein.

### a. Defendants argue that S.C. Code Ann. § 6-1-420(A) expressly prohibits Plaintiff from seeking the Reconciliation Reports.

Defendants argue that South Carolina law prohibits Plaintiff from seeking the

requested information. S.C. Code Ann. § 6-1-420(A) provides: "A private third-party entity

is prohibited from … requiring a business entity to remit confidential business license tax

data to that private third party on behalf of a taxing jurisdiction." "A third-party entity

contracting with a taxing jurisdiction to assist in identifying and collecting outstanding

business license taxes … may not stat[e] that a business is required to provide any

information to the third-party entity." S.C. Code Ann. § 6-1-420(F)(2).

Plaintiff makes two arguments that these statutes do not work to prohibit its

requested relief: (1) S.C. Code Ann. § 6-1-420 does not apply to business license taxes

collected pursuant to Title 38, Chapter 7, as is occurring here; and (2) MASC is not a private

third-party entity but is rather a political subdivision and accordingly the plain language of

the statute does not apply to it. Each argument is addressed herein.

4

1. **Plaintiff argues that S.C. Code Ann. §6-1-420 does not apply to business license taxes owed under Title 38, Chapter 7.**

Plaintiff points to two areas in S.C. Code Ann. § 6-1-420 wherein it states this section does not apply to business license taxes collected under Title 38, Chapter 7: "This section does not apply to the collection of business license taxes pursuant to Article 20, Chapter 9, Title 58 and Chapters 7 and 45, Title 38[,]" S.C. Code Ann. § 6-1-420(D), "The provisions of Subsection (A) do not apply to business license taxes collected pursuant to Article 20, Chapter 9, Title 58 and Chapters 7 and 45, Title 38." S.C. Code Ann. § 6-1-420(G).[1]

Defendants argue that the "'business license taxes' referenced in Chapter 7, Title 38 are business license taxes *owed to and collected by the State*—not the participating municipalities." (ECF No. 64, p. 5) (emphasis in original). In so arguing, Defendants cite S.C. Code Ann. § 38-7-20(A)(1) which states:

> In addition to all license fees and taxes otherwise provided by law, there is levied upon each insurance company licensed by the director or his designee an insurance premium tax based

---

[1] Defendants argue that these subsections, S.C. Code Ann. § 6-1-420 (D) and (G) do not render the entire section of § 6-1-420 inapplicable to taxes collected pursuant to Title 38, Chapter 7. Defendants contend that reading it in that manner "would impermissibly render § 6-1-420(G) superfluous." (ECF No. 79, p. 4, n. 2). The Undersigned disagrees. There are two instances in this section where the legislature made clear it was not applicable to taxes collected pursuant to Title 38, Chapter 7. As discussed herein, one subsection made clear it was limited to Subsection (A), the other subsection did not make the same limitation. Rather subsection (D) states: "This **section** does not apply to the collection of business license taxes pursuant to Article 20, Chapter 9, Title 58 and Chapters 7 and 45, Title 38." S.C. Code Ann. § 6-1-420(D) (emphasis added). Accordingly, the legislature did not explicitly state the prohibitions stated in subsection (D) applied only to that subsection but rather used the word "section." The plain meaning of this statement indicates that the legislature sought to ensure the entirety of S.C. Code Ann. § 6-1-420 would be inapplicable to taxes collected pursuant to Title 38, Chapter 7. Accordingly, Defendants' argument that S.C. Code Ann. § 6-1-420(F)(2) works to prevent disclosure of the information sought is denied.

> upon total premiums, other than workers' compensation insurance premiums, and annuity considerations, written by the company in the State during each calendar year ending on the thirty-first day of December. For life insurance, the insurance premium tax levied herein is equal to three-fourths of one percent of the total premiums written. For all other types of insurance, the insurance premium tax levied in this section is equal to one and one-fourth percent of the total premiums written.

S.C. Code Ann. § 38-7-20(A)(1).

Defendants argue this code section lends support to its argument that MASC's collection of business license taxes and penalties should not be found exempt from S.C. Code Ann. § 6-1-420 because Title 38 refers to business license taxes collected by the state rather than municipalities.

Conversely, Plaintiff argues that "the exclusion for Title 38, Chapter 7 in section 6-1-420 must apply to the business license taxes under the Insurance Tax Program that MASC administers because the entire Business License Tax Standardization Act applies only to local governments. There is no such thing as a state business tax." (ECF No. 69, p. 6).

After reviewing briefing and hearing argument, the Undersigned agrees with Plaintiff's arguments. S.C. Code § 6-1-420 explicitly states, twice, that its prohibitions do not apply to taxes collected pursuant to Title 38, Chapter 7. MASC states that S.C. Code Ann. § 38-7-160 authorizes each municipality to impose a business license tax on insurance companies doing business within its municipal boundaries, and that MASC administers the Insurance Tax Program on behalf of municipalities of South Carolina. Further, MASC provides that each participating municipality ordinance in the ITP is based on the authority

6

in Title 38, Chapter 7 to collect business taxes. (ECF No. 78, p. 2 citing ECF No. 1-2, at 2). The Fourth Circuit, in discussing Title 38, Chapter 7 referenced that Title 38 imposed authority on South Carolina municipalities to levy license fees and taxes. *Mun. Ass'n of S.C. v. USAA Gen. Indem. Co.*, 709 F.3d 276, 280 (4th Cir. 2013) ("In addition to South Carolina state-imposed license fees and taxes on insurers *see* S.C. Code Ann. §§38-7-10, 38-7-20, South Carolina municipalities may also levy license fees or taxes, *see* S.C. Code Ann. § 38-7-160.") Defendants' citation to S.C. Code Ann. § 38-7-20(A)(1), quoted above, among their other arguments are not persuasive on this matter.

Accordingly, because the plain language of S.C. Code Ann. § 6-1-420 states that the prohibitory language of the section does not apply to Title 38, and because Plaintiff is collecting the taxes pursuant to Title 38, the prohibitions prescribed in S.C. Code Ann. § 6-1-420 are not applicable here. Therefore, this statute is not the bar on discovery that Defendants claim it to be.

2. **Plaintiff argues that it is a political subdivision rather than a private third-party entity and accordingly S.C. Code Ann. § 6-1-420 does not apply to its actions.**

Due to this Court's above determination that S.C. Code § 6-1-420 does not apply to Plaintiff's actions, a determination of whether MASC is a private third-party entity or a political subdivision is inconsequential.

b. **Defendants argue that Plaintiff's Requests are improper because it has not exhausted its administrative remedies.**

Defendants argue that their yet to be proven affirmative defense, that Plaintiff did not exhaust its administrative remedies, should bar discovery of this information. This

argument is denied. As stated at the motion to dismiss stage, Defendants' affirmative defenses will be addressed after discovery is completed. (ECF No. 50). Such a request was inappropriate at the motion to dismiss stage and is similarly premature in its response to Plaintiff's motion to compel. *See e.g. Triangle Residential Designs, Inc. v. Ashley Turner Enters., Inc*., No. 5:05-CV-412-F(3), 2006 WL 8438737, at *2 (E.D.N.C. Jan. 10, 2006) ("The Federal Rules of Civil Procedure permit discovery regarding any matter relevant to any claim or defense. Plaintiff asserts that a party is not permitted to opt out of discovery simply because it believes it has an affirmative defense which will ultimately prove successful . . . The Court Agrees. Arguments that Plaintiff's claims have no merit or that Defendants have a viable affirmative defense are not the kind of arguments that the Court can adequately entertain in a discovery dispute." (quoting *Drexel Heritage Furnishings, Inc. v. Furniture, USA, Inc*., 200 F.R.D. 255, 257 (M.D.N.C. 2001) (noting that such arguments are properly handled in a dispositive motion)).

Accordingly, because Defendants' arguments regarding the merits of their affirmative defense are premature, the Court denies Defendants' argument.

## IV.     CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Compel is granted as the documents sought are directly relevant to its claim and Defendants have not shown the documents are privileged or that production would be unduly burdensome. Consequently, Defendants are ordered to produce the requested information within fourteen days of the issuance of this order.

IT IS SO ORDERED.

July 15, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge